IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MICHAEL P. WILKINSON,              }
                                   }
        Plaintiff,                 }
                                   }        CIVIL ACTION NO.
v.                                 }
                                   }        01-AR-2522-S
LOWE'S HOME CENTERS, INC., et      }
al.,                               }
                                   }
        Defendants.                }

**FILED**
01 OCT 31 PM 2:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

**ENTERED**
OCT 3 1 2001

## MEMORANDUM OPINION

At the court's regular motion docket on October 26, 2001, the court heard argument supplementing the briefs filed in support of and in opposition to the motion to remand filed by plaintiff, Michael P. Wilkinson, and the motion to dismiss filed by defendant, Steven Garrard, a non-diverse defendant.  Only if Garrard was fraudulently joined does complete diversity of citizenship exist for the purpose of providing subject matter jurisdiction in this court under 28 U.S.C. §1332.

Although the court agrees with plaintiff that a failure to meet the heightened pleading requirements of Rule 9(b) when attempting to allege fraud against a non-diverse defendant does not automatically provide a basis for removal when the removing defendant alleges fraudulent joinder, plaintiff's shortcomings in this case go beyond the mere absence of sufficient Rule 9(b) particularity in his fraud allegations against Garrard.  The pertinent facts, undisputed by plaintiff and consistent with



plaintiff's complaint itself, are that Garrard did not himself make any representation of fact to plaintiff, true **or** false, and had no obligation to guarantee the dissemination to plaintiff of scrupulously true information by Lowe's Home Centers, Inc., plaintiff's and Garrard's mutual employer. Garrard cannot be found vicariously liable for the oral or written statements of others, that is, without allegation and proof of his **overt** participation in what was said or written.

For the foregoing reasons, and because the court agrees with the contentions made in Garrard's motion to dismiss and in the briefs filed by defendants, the motion of Garrard to dismiss will be GRANTED, and plaintiff's motion to remand will be DENIED.

DONE this _31st_ day of October, 2001.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE